**FILED**
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
*By jpayton at 3:23 pm, Sep 09, 2013*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Dublin Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>12-30111</u> |
| PARADISE FARMS, INC. | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>12-30112</u> |
| LISTER W. HARRELL, | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| IN RE: | ) | Chapter 11 Case |
| | ) | Number <u>12-30113</u> |
| SARALAND, LLLP | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

<u>OPINION AND ORDER</u>

Several matters were scheduled for September 3, 2013 hearing. In response, Lister Harrell ("Mr. Harrell") filed several pro se requests that the bankruptcy proceedings be stayed until February 12, 2014 due to his incarceration and inability to hire counsel to represent his interests. Mr. Harrell further alleges the Chapter 11 Trustee appointed in the Saraland, LLLP, Ch. 11 Case No. 12-30113 is improperly seizing property that does not belong to Saraland, LLLP. He also seeks an extension of the time to object to discharge and to determine nondischargeability of debt. Mr. Harrell

arranged for transportation from the Dodge County jail and attended the hearing on September 3, 2013 representing himself.[1]

Decisions to stay proceedings are left to the sound discretion of the Court. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 n. 23 (1983) (stating that the decision to stay "is one left to the. . . trial court. . . as a matter of its discretion to control its docket"); In re Shubh Hotels Pittsburgh, LLC, 2013 WL 3490067 (Bankr. W.D. Pa. July 9, 2013)(granting a stay of civil proceeding is incident to the Court's inherent power to control disposition of cases on its docket looking at the economy of time and effort for itself, for counsel, and for litigants). The Court must weigh competing interests and maintain

---

[1] Mr. Harrell's attendance moots the relief requested in the correspondence filed by Mr. Royal F. Rankin, as Power of Attorney for Mr. Harrell, seeking this Court to request that Mr. Harrell be transported from the Dodge County Jail to attend the bankruptcy hearing. Dckt. No. 290. The power of attorney has not been submitted into evidence. Furthermore, the request filed by Mr. Rankin will not be considered as he is not an attorney and therefore may not represent Mr. Harrell in these proceedings. Fed. R. Bankr. P. 9010 ("a debtor. . . may. . . perform *any act not constituting the practice of law*, by an authorized agent, attorney in fact or proxy.") (emphasis added); Jacox v. Dept. of Defense, 2007 WL 118102 *1-2 (M.D. Ga. Jan. 10, 2007)("The existence of a power of attorney does not authorize a nonlawyer to undertake to conduct legal proceedings on behalf of a pro se litigant where the law otherwise requires that such proceedings be conducted by a licensed attorney."); O.C.G.A. §15-19-51(a); Toenniges v. Steed, 739 S.E.2d 94 (Ga. Ct. App. 2013)(person granted a power of attorney who is not a lawyer may not "represent" other parties as such would be the unauthorized practice of law).

AO 72A
(Rev. 8/82)

an even balance and only in rare circumstances will a stay of proceedings be granted. In re Smith, 389 B.R. 902, 917 (Bankr. D. Nev. 2008) citing Landis v. North Am. Co., 299 U.S. 248, 255 (1936).

As to this case, Mr. Harrell asks for a stay of all three bankruptcy proceedings until February 12, 2014 due to his incarceration which he states has been preventing him from hiring new counsel to represent his interest. In balancing the harm to Mr. Harrell, the Court first addresses Mr. Harrell's assertion that his previous counsel withdrew over his objection. Counsel previously representing all three debtors -- Mr. Harrell, Saraland LLLP and Paradise Farms, Inc. -- in their bankruptcy proceedings sought to withdraw when serious allegations of improper transfers between the three debtors were raised and counsel realized he had potential and actual conflicts of interest and would be unable to represent these clients. See Dckt. No. 176,[2] Motion to Withdraw. Pursuant to Local Rule 83.7, counsel's letter informed the debtors that a motion to withdraw would be filed with the Court within fourteen (14) days of the date of the letter. Dckt. No. 176, Ex. B. In the request to withdraw, debtors' counsel stated that Georgia Rule of Professional Conduct 1.7(c) requires his withdrawal as continued representation

---

[2]  All references to docket numbers are to the Lister W. Harrell Chap. 7 Case No. 12-30112 unless otherwise indicated.

3

would require the representation of one client against another client and it was reasonably unlikely he could adequately represent the interest of one or more his clients.[3]  Dckt. No. 176, Ex. A. Furthermore, under Rule 1.7(c) of the Georgia Rules of Professional Conduct, informed consent of a client is not permissible where counsel would have to represent one client against another in the

---

[3]  Rule 1.7 of the Georgia Rules of Professional Conduct provides:

(a) A lawyer shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b).

(b) If client informed consent is permissible a lawyer may represent a client notwithstanding a significant risk of material and adverse effect if each affected client or former client gives informed consent confirmed in writing to the representation after: (1) consultation with the lawyer pursuant to Rule 1.0(c); (2) having received in writing reasonable and adequate information about the material risks of and reasonable available alternatives to the representation; and (3) having been given the opportunity to consult with independent counsel.

(c) Client informed consent is not permissible if the representation: (1) is prohibited by law or these Rules; (2) includes the assertion of a claim by one client against another client represented by the lawyer in the same or a substantially related proceeding; or (3) involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients. The maximum penalty for a violation of this Rule is disbarment.

4

same or a substantially related proceeding, which is an actual conflict. Ga. R. Prof. Conduct 1.7(c).

In his pro se request filed July 8, 2013, Mr. Harrell states that he objected in writing to his counsel's withdrawal; however, no such objection was filed with the Court prior to the entry of the order on withdrawal. Counsel's motion to withdraw represents that no objections to his withdrawal had been filed. See Dckt. No. 177. Given no written objections were filed with the Court and counsel's assertion that as a result of the actual conflict it is unlikely he could adequately represent his clients, the order granting the motion to withdraw was entered on June 17, 2013. Dckt. No. 182; Chap. 11 Case No. 12-30113, Dckt. No. 236; Chap. 7 Case No. 12-30111, Dckt. No. 138. No notice of appeal of this order has been filed.

The Court's appointment of the Chapter 11 Trustee roughly coincided with counsel's realization of the existence of an actual conflict. As a result, before withdrawing, counsel requested and obtained an extension of time for Mr. Harrell to timely appeal the order on the appointment of the Chapter 11 Trustee in the Saraland, LLLP case and to hire counsel. See Chap. 11 Case No. 12-30113, Dckt. Nos. 219 and 223. No appeal was filed within the extended time period.

5

With this background, Mr. Harrell now seeks a stay due to his incarceration. By itself, the fact that Mr. Harrell is incarcerated is not grounds to stay the bankruptcy cases. See In re Larson, 232 B.R. 396, 399 (Bankr. W.D. Wis. 1999)(denying incarcerated debtor's request to delay the hearing until his incarceration ended as this was not adequate justification). I do not find that Mr. Harrell's incarceration and purported harm to Mr. Harrell by proceeding with the administration of the bankruptcy cases outweigh the interest of the bankruptcy estates in moving forward. See In re Smith, 389 B.R. at 917 (court must weigh competing interest in deciding to stay proceedings). First, Mr. Harrell was able to attend the hearing held on September 3, 2013 by escort. Second, Mr. Harrell's incarceration is no reason to stay the two chapter 7 cases as the Chapter 7 Trustee is capable of protecting the bankruptcy estate's interest. See 11 U.S.C. §704(a)(listing duties of the chapter 7 trustee); see also In re Michael, 285 B.R. 553, 558 (Bankr. S.D. Ga. 2002)(incarceration of debtor did not excuse the debtor from the requirement to appear at his §341 meeting as bankruptcy is a privilege and not a right). Furthermore, any equity will be distributed to chapter 7 debtors, including Mr. Harrell. Third, Mr. Harrell states his incarceration has caused him to be unable to access funds to hire a lawyer and he

6

needs funds held in trust by his former counsel and a stay of the proceedings in order to hire an attorney. Mr. Harrell also requests that the Court require the Chapter 11 Trustee to turnover money being held in his previous counsel's trust account. Mr. Harrell has known since early May that his previous counsel intended to withdraw. Through his pleadings, and that of his agent, he has shown he has been able to search for counsel. At the hearing on September 3, 2013, the Court advised Mr. Harrell to file a motion and provide evidence that the funds being held in his previous counsel's trust account are his personal funds. There is no evidence Mr. Harrell is entitled to these funds.

Also, since there is a Chapter 11 Trustee appointed in Saraland, LLLP, Mr. Harrell is no longer in charge of the operations of Saraland, LLLP. See 11 U.S.C. §1106(a)(listing the duties of a chapter 11 trustee). In the Saraland, LLLP case, I previously found the appointment of a Chapter 11 Trustee was necessary due to the conduct of Mr. Harrell. There was evidence presented of Mr. Harrell: not cooperating; hiding assets; not keeping adequate records; and commingling and transferring assets. See Chap. 11 Case No. 12-30113, Dckt. Nos. 150 and 218; see generally, In re Younger, 165 B.R. 965, 970 (Bankr. S.D. Ga. 1994). Given the facts of this case, the interest of the bankruptcy estate in moving forward

7

AO 72A
(Rev. 8/82)

outweigh the interest of Mr. Harrell in obtaining a stay.

In requesting the removal of the Chapter 11 Trustee, Mr. Harrell alleges the Chapter 11 Trustee has improperly seized property that does not belong to Saraland, LLLP. Mr. Harrell's allegations of wrongdoing by the Chapter 11 Trustee are unsubstantiated. Furthermore, there are significant safeguards in place to prevent improper conduct. First, before any property is sold or required to be turned over, the Chapter 11 Trustee must file a motion to sell property or a motion for turnover. Parties in interest are afforded the opportunity to file objections, and prior Court approval is required for the Chapter 11 Trustee to sell any property. To date no such orders have been entered authorizing the sale of property. At the September 3, 2013 hearing on the Motions to Sell, the motions were continued for various matters including to allow Mr. Harrell the opportunity to bid on the property. At the hearing, Mr. Harrell made an offer to pay $75,000.00 to the Chapter 11 Trustee to purchase some of Saraland LLLP's real property. He stated he would be able to obtain sufficient funds after he is released on bond. In fact, he stated he wants to buy all of the assets. Second, if the property belongs to Mr. Harrell or to Paradise Farms, Inc., the Chapter 7 Trustee, in those respective cases, is in place to adequately represent and protect the interest

AO 72A
(Rev. 8/82)

of those bankruptcy estates.  Any equity would be returned to the respective chapter 7 debtors.  Mr. Harrell as a chapter 7 debtor is no longer in control of his non-exempt assets.  Third, as a trustee, the Chapter 11 Trustee is required to file status reports keeping the Court and parties in interest informed of his activities through monthly operating reports.  In addition, the United States Trustee chooses the chapter 11 trustees and oversees the conduct of its trustees.  Mr. Harrell has not provided evidence of Chapter 11 Trustee's improper conduct.  The Chapter 11 Trustee also is bonded.  Finally, the Chapter 11 Trustee is a member of the bar and subject to sanctions and penalties for wrongful conduct which may be brought by the United States Trustee or any party in interest.  For these reasons, I find there is no reason to remove the Chapter 11 Trustee.

Lastly, Mr. Harrell seeks an extension of time for filing objections to discharge/dischargeability in all three cases until February 12, 2014.  The Chapter 7 Trustee in Mr. Harrell's case has already sought and obtained an extension up to and including January 22, 2014.  Dckt. No. 203.  As a matter of course, debtors do not request extensions to object to their own discharge or to the dischargeability of their debts.  Mr. Harrell cites no legitimate grounds to extend this date in his case and therefore his request is denied.  Also, Mr. Harrell's request in the Saraland, LLLP case is

9

late as it is filed after the deadline has expired and therefore must be denied. See Fed. R. Bankr. P. 4004 and 4007 (requiring the motion to extend to be filed before time expired); see also Chap. 11 Case No. 12-30113, Dckt. No. 118 (order extending deadline for 523-727 Complaints to April 8, 2013). The request also is denied in the Chapter 7 case of Paradise Farms, Inc. as it is a corporation and will not receive a chapter 7 discharge. See 11 U.S.C. §727(a)(1)(debtor must be an individual to receive a discharge); Kramer v. Cash Link Sys., 652 F.3d 840, 841-42 (8th Cir. 2011)("a corporation is not entitled to a discharge of its debts in a Chapter 7 proceeding").

For the foregoing reasons and the reasons set forth on the record at the September 3, 2013 hearing, Mr. Harrell's requests to: stay the proceedings; remove the Chapter 11 Trustee; and extend the time to object to discharge/dischargeability are ORDERED DENIED without prejudice.

_____
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this ____9th____ day of September 2013.

10